UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-6269-SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESUS CHECA,

    Defendant.

_____

## O R D E R

THIS CAUSE is before the Court on the defendant's Motion to Discharge Bond (DE 11). Being fully advised, it is hereby

ORDERED AND ADJUDGED that the motion is GRANTED and the defendant's bond is discharged as Case No. 93-CR-00704 in the Eastern District of New York has been dismissed.

DONE AND ORDERED at Fort Lauderdale, Florida, this 22nd day of August, 2007.

                              LURANA S. SNOW
                              UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Robin Waugh-Faretta (FTL)
Howard Srebnick, Esq.

Financial (MIA)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 0 2 2007 ★

LONG ISLAND OFFICE

**MEMORANDUM**
**TO THE HONORABLE CHARLES P. SIFTON**
Senior United States District Judge

RE: CHECA, Jesus

DOCKET NO.: 93-CR-00704

Request to Vacate Warrant and
Dismiss Violation Charges

Reference is made to the above-mentioned offender who was sentenced by Your Honor on April 24, 1995 to time served followed by three (3) years supervised release and a $50 special assessment fee. No special conditions were imposed at the time of sentencing. This sentence was received after a plea of guilty to Conspiracy to Distribute and Possess with Intent to Distribute Heroin, a Class A felony.

On June 16, 1995, Your Honor approved the issuance of a warrant for the offender's arrest based on a Violation of Supervised Release report indicating that the offender failed to report to the Probation Department within 72 hours of release from custody. The warrant was subsequently issued on June 28, 1995.

On July 19, 2007, the Probation Department was notified that the offender was arrested on administrative immigration issues and subsequently taken into custody by the U.S. Marshals in the Southern District of Florida on the outstanding warrant. He is currently being detained on the warrant and the immigration arrest.

On July 27, 2007, Andrew J. Weinstein, the offender's local attorney, questioned the Probation Department regarding the validity of the outstanding violator's warrant. It is Mr. Weinstein's belief that the warrant should be dismissed based on the Court's statements at the time of sentencing, wherein Your Honor stated " I'll impose a three year period of supervised release should Mr. Checa remain in the country." Attached is a copy of the sentencing minutes for Your Honor's review.

Mr. Weinstein has provided documentation that reflects that the offender did in fact leave the United States on April 25, 1995, and with the exception of one return trip to the United States on May 15, 1997 to attend his sister's wedding, the offender remained outside of the United States during what could be considered his three year term of supervised release.

Probation records reflect that the offender was never advised of any reporting requirements with regards to his term of supervised release. Predicated on this, it is our belief that he should not be held responsible for failing to report, when he re-entered the United States.

Case 1:93-cr-00704-CPS   Document 18   Filed 07/30/2007   Page 2 of 2

CHECA, JESUS                    DKT#: 93-CR-704

Based on the aforementioned, it is the recommendation of the Probation office that the violator's warrant be vacated and the violation charges be dismissed. Mr. Weinstein has informed that he has contacted the original parties involved with the case, and they have no objection.

RESPECTFULLY SUBMITTED:

TONY GAROPPOLO
CHIEF U.S. PROBATION OFFICER

PREPARED BY: _____
Joanmarie Langone
U.S. Probation Officer

APPROVED BY: _____
Robert E. Cardinal
Supervising U.S. Probation Officer

July 27, 2007

VACATE WARRANT AND
DISMISS VIOLATION CHARGES: _____   7/30/07
                           Sr. United States District Judge   Date

PROCEED WITH THE
VIOLATION OF SUPERVISED
RELEASE:                   _____
                           Sr. United States District Judge   Date